UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO COOK,

        Petitioner,               Case Number: 2:12-10383
                                          HONORABLE SEAN F. COX

v.

KEN ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Antonio Cook has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is in the custody of the Michigan Department of Corrections pursuant to convictions on five counts of armed robbery, for which he is serving concurrent sentences of 14 to 30 years' imprisonment. He seeks habeas relief on four separate grounds. Respondent argues that the claims are procedurally defaulted and meritless. For the reasons below, the Court denies the petition and denies a certificate of appealability.

### I. Background

Petitioner pleaded guilty in Monroe County Circuit Court to five counts of armed robbery in connection with the armed robbery of the same bank on two separate occasions. The pleas were entered pursuant to a sentencing agreement that set a minimum sentence not to exceed 15 years and a maximum sentence not to exceed 30

years.  On June 27, 2008, Petitioner was sentenced to 14 to 30 years' imprisonment for each of the convictions, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  He raised these claims:

> I.   Former trial counsel was ineffective for characterizing the prosecution's case as "airtight," failing to conduct discovery, and failing to counsel Defendant on the legal mechanism by which to challenge a suggestive identification procedure.
>
> II.  Defendant was denied due process and the effective assistance of counsel because the prosecution failed to provide exculpatory material necessary for an intelligent decision regarding Defendant's waiver of trial by his subsequent guilty plea.

The Michigan Court of Appeals denied leave to appeal.  *People v. Cook*, No. 292831 (Mich. Ct. App. Aug. 13, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals and two additional claims not relevant to his habeas petition. The Michigan Supreme Court denied leave to appeal.  *People v. Cook*, 485 Mich. 979 (2009).

Petitioner then filed a motion for relief from judgment in the trial court, raising claims that the state court lacked subject-matter jurisdiction and his conviction violated the Double Jeopardy Clause.  The trial court denied the motion.  *People v. Cook*, Nos. 08-36732-FC & 08-36734-FC (Monroe County Cir. Ct. July 6, 2010).  The Michigan Court of Appeals denied Petitioner's application for leave to appeal.  *People v. Cook*, No. 300139 (Mich. Ct. App. June 24, 2011).  The Michigan Supreme Court also denied leave

2

to appeal. *People v. Cook*, 490 Mich. 969 (Mich. 2011).

Petitioner then filed the pending habeas petition. He raises these claims:

I. Ineffective assistance of counsel – trial counsel was ineffective for characterizing the prosecution's case as "air tight"; failing to conduct discovery before advising Petitioner to plead guilty.

II. Petitioner was denied due process because the prosecution failed to provide exculpatory material.

III. Subject-matter jurisdiction: The right of the State court to prosecute Petitioner for committing a federal crime.

IV. Double jeopardy.

Respondent has filed a response arguing that the claims are meritless and that two of the claims are procedurally defaulted. The Court finds it unnecessary to address the question of procedural default. It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ( citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

## II. Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody

3

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003) and *Dickens v. Jones*, 203 F. Supp. 2d 354,

359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

#### A. Ineffective Assistance of Counsel Claim

Petitioner argues that he was denied his right to the effective assistance of counsel. He claims that counsel was ineffective because counsel mischaracterized the prosecution's case as "airtight" and failed to conduct discovery.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice"

requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* On habeas review, the Court employs a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, __ U.S. __, 134 S. Ct. 10, 13 (2013).

The trial court held an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. Defense counsel testified regarding the discovery received, his evaluation of the strength of the evidence implicating Petitioner, and the lengthy potential sentence faced by Petitioner. Defense counsel acknowledged inconsistencies among the various witnesses' description of the suspect and the discrepancies between those descriptions and Petitioner's physical appearance. Defense counsel also testified that he did not see anything in the photographic array that would have prompted him to request a *Wade* hearing. Finally, defense counsel considered the anticipated testimony of an FBI agent and a parole officer particularly damaging. Both witnesses would have testified that the perpetrator depicted in the bank surveillance video appeared to be Petitioner. In consideration of all of the foregoing, counsel advised Petitioner that pleading guilty was a prudent choice.

Following the evidentiary hearing, the trial court found counsel's performance adequate. The trial court found no deficiencies in defense counsel's investigation. The trial court found credible counsel's testimony that he discussed the relative weaknesses of the eyewitness testimony with Petitioner. The trial court also found persuasive defense

counsel's evaluation of the anticipated testimony of an FBI agent and a parole officer. The trial court concluded that the strong evidence of Petitioner's guilt coupled with the possible 337-month minimum sentence faced if he proceeded to trial rendered defense counsel's assessment of the case and recommendation that Petitioner plead guilty reasonable and indicative of capable representation.

There is nothing in the record to demonstrate that petitioner received ineffective assistance of counsel under either prong of *Strickland*. The Court concludes that the state court's determination that petitioner received the effective assistance of counsel was neither contrary to, or an unreasonable application of, federal law as established by the Supreme Court in *Strickland v. Washington* and *Hill v. Lockhart*. Petitioner is not entitled to relief on this claim.

### B. *Brady* Violation Claim

In his second claim, Petitioner argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose allegedly exculpatory information. Specifically, Petitioner identifies the State's failure to turn over police reports consisting of a photograph and physical description of a 2002 corporeal lineup participant identified by two witnesses as the robber. While defense counsel was aware that there had been a lineup in 2002 which did not contain Petitioner, only a one-page summary of the corporeal lineup was produced to him before the plea was entered. The police reports were ultimately produced to the defense in June 2009, in response to Petitioner's Motion to Vacate Convictions Due to *Brady* Violation. The additional police reports showed that

the individual identified from the lineup by two witnesses was 6' 1" tall, although the witnesses, at the time of the robbery, described the perpetrator as being 5' 4" tall. Petitioner argues that, if he had known about these discrepancies, he would have known that the case against him was not as strong as characterized by his attorney and he would not have entered a plea.

"[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002). "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Id.* at 629. "Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Id.* (*quoting Brady*, 397 U.S. at 748). The Court ruled that "impeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." *Id.*

The evidence at issue here may have been used to impeach the testimony of identification witnesses. But, under *Ruiz*, the prosecution is not required to disclose material impeachment evidence prior to entering a plea agreement.

Moreover, even if the evidence at issue here could be considered exculpatory substantive evidence, Petitioner fails to state a claim. Several courts have concluded that there is no clearly established federal constitutional right to the disclosure of *Brady*

material prior to the entry of a guilty plea, without regard to whether the material is exculpatory or impeachment evidence. *See Friedman v. Rehal,* 618 F.3d 142, 154, n.4&5 (2d Cir. 2010) (suggesting that *Ruiz* applies to exculpatory and impeachment evidence because the Supreme Court "has consistently treated exculpatory and impeachment evidence in the same way for the purpose of defining the obligation of a prosecutor to provide *Brady* material prior to trial . . . and the reasoning underlying *Ruiz* could support a similar ruling for a prosecutor's obligations prior to a guilty plea."); *United States v. Moussaoui*, 591 F.3d 263, 285-86 (4th Cir. 2010) (suggesting that there is no right to exculpatory evidence at the guilty plea stage but declining to resolve the issue); *United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009) ("[Petitioner] argues that the limitation of the Court's discussion [in *Ruiz* ] to impeachment evidence implies that exculpatory evidence is different and must be turned over before entry of a plea. *Ruiz* never makes such a distinction nor can this proposition be implied from its discussion."). Given the lack of any Supreme Court precedent requiring *Brady* material to be disclosed prior to the entry of a guilty plea, and the split among courts on this issue, it cannot be said that clearly established federal law requires the prosecution to turn over exculpatory evidence prior to entry of a plea. Therefore, Petitioner has not alleged a violation of clearly established federal law under § 2254(d)(1). Habeas relief is denied on this claim.

### C. Subject-Matter Jurisdiction

Petitioner contends that the state court lacked jurisdiction because the crime of bank robbery is a federal, not state, crime. To the contrary, an act may be criminal under the laws of both state and federal sovereigns. *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985). Both Congress and the State may punish the crime of bank robbery. *Westfall v. United States*, 274 U.S. 256, 258-59 (1927). Accordingly, this claim is meritless.

### D. Double Jeopardy Clause

Finally, Petitioner argues that his convictions for five counts of armed robbery arising from two bank robberies violates his right to be free from Double Jeopardy. He claims that the bank, not its employees, were robbed.

The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature . . . , the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). In determining whether the Michigan legislature intended to authorize cumulative punishments in the circumstances presented here, this Court is "bound by a state court's determination of the legislature's

11

intent." *Banner v. Davis,* 886 F.2d 777, 779-80 (6th Cir. 1989); *see also McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir. 2005) (holding that a federal court is "bound by" state court's interpretation of legislative intent).

When a state statute is at issue, as in this case, the state courts' interpretation of the statute controls. *E.g., Ohio v. Johnson*, 467 U.S. 493, 499 (1984) ("We accept, as we must, the Ohio Supreme Court's determination that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here."); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989) ("Under the double jeopardy clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the legislature's intent.").

The Michigan Supreme Court has concluded that under the armed robbery statute, the "appropriate 'unit of prosecution' is the person assaulted and robbed." *People v. Wakeford*, 418 Mich. 95, 112 (1983). "[T]he essence of armed robbery is not that the property belonged to the victim, but rather that it belonged to someone other than the thief." *People v. Rodgers*, 248 Mich. App. 702, 711 (Mich. Ct. App. 2001). This Court is bound by the Michigan Supreme Court's determination of the intent of the Michigan legislature. *Banner*, 886 F.2d at 780. Because that legislative intent has been decided by the Michigan Supreme Court, Petitioner's double jeopardy claim fails.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). If a petitioner makes the requisite showing and a district court grants a certificate of appealability, the court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

For the reasons stated in this Opinion and Order, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue in this case.

## V. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 5, 2014

I hereby certify that on March 5, 2014, a copy of the foregoing document was served upon counsel of record via electronic means and upon Antonio Cook via First Class Mail at the address below:

Antonio Cook
181461
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

S/Jennifer McCoy
Case Manager