UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO COOK,

        Petitioner,               Case Number: 2:12-10383
                                                  HONORABLE SEAN F. COX

v.

KEN ROMANOWSKI,

        Respondent.
_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE SIXTH CIRCUIT COURT OF APPEALS

Petitioner Antonio Cook filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for five counts of armed robbery. The Court denied the petition and denied a certificate of appealability. (ECF No. 11). Cook then filed a notice of appeal. The Sixth Circuit Court of Appeals denied a certificate of appealability. *Cook v. Romanowski*, No. 14-1431 (6th Cir. Oct. 3, 2014) (ECF No. 19-1). Cook has now filed a "Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(4)". (ECF No. 25). The motion attacks the same state court convictions challenged in the habeas petition and is a second attempt to obtain relief under 28 U.S.C. § 2254. The Court transfers the motion to the court of appeals so Cook may seek permission to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b)(3).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing

the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Id.* at 473-74. Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the claim appears to be. *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015), citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

Here, Cook seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). In *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id*. at 530-31. For purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. at 530. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532.

Cook's motion raises a claim that the state court lacked jurisdiction over his criminal proceedings. That claim was not raised in his habeas petition. The motion thus raises a new claim for relief, rather than attacking a defect in the habeas proceeding. As such, it is a successive habeas petition, and Cook must obtain authorization from the Sixth

Circuit before he can before he may proceed with this claim. He has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, IT IS ORDERED the Clerk of the Court shall TRANSFER this case to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated: January 24, 2017       S/ Sean F. Cox
                              Sean F. Cox
                              U. S. District Judge

I hereby certify that on January 24, 2017, the foregoing document was served on counsel of record via electronic means and upon Antonio Cook via First Class mail at the address below:

ANTONIO COOK 181461
G. ROBERT COTTON CORRECTIONAL FACILITY
3500 N. ELM ROAD
JACKSON, MI 49201

                              S/ J. McCoy
                              Case Manager